**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1098-WJM-MJW

JOSÉ A. DIAZ,

    Plaintiff,

v.

JILL LAMPELA, and
BRANDON SHAFFER,

    Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

---

Plaintiff José A. Diaz ("Plaintiff") brings this action against Jill Lampela, in her official capacity as Chief of Behavioral Health for the Colorado Department of Corrections ("CDOC"), and Brandon Shaffer, in his official capacity as the Chairman of the Colorado Board of Parole, (together, the "Defendants"),[1] claiming constitutional violations under 42 U.S.C. § 1983.  Before this Court is Defendants' Amended Motion to Dismiss ("Motion").  (ECF No. 17.)  For the foregoing reasons, the Motion is granted.

### I. BACKGROUND

The following allegations, contained in Plaintiff's Complaint, are accepted as true for purposes of Defendants' Motion.

Plaintiff is an inmate within the CDOC at the Kit Carson Correctional Center, Burlington, Colorado.  (Compl. (ECF No. 1) ¶ 18.)  In 2002, Plaintiff pled guilty to and

---

[1] On February 13, 2014, Jill Lampela was substituted for Margaret Heil and Brandon Shaffer was substituted for Anthony P. Young.  (ECF No. 27.)

was convicted of a Class IV felony sex offense, for which Plaintiff was sentenced to imprisonment for an indeterminate term of eight years to life, in accordance with the Colorado Sex Offender Lifetime Supervision Act ("SOLSA"), C.R.S. § 18-1.3-1004(1)(a). (*Id.* ¶ 17.)

Plaintiff has served eight years of his sentence and is now eligible for parole. (*Id.* ¶ 20.) After Plaintiff was incarcerated, he entered Phase I of CDOC's Sex Offender Treatment and Monitoring Program ("SOTMP"). (*Id.* ¶ 21.) After completing Phase I, he entered Phase 2. (*Id.*) On January 27, 2010, Plaintiff was "terminated" from Phase II for certain behavior which the CDOC termed a "time out" from treatment. (*Id.* ¶ 22.)

On January 31, 2012, a clinical psychologist conducted an independent psycho-sexual evaluation on Plaintiff. (*Id.* ¶ 23.) The evaluation, which was reduced to a written reported (the "Report"), diagnosed Plaintiff as being a pedophiliac. (*Id.* ¶ 24.) The Report recommended that Plaintiff receive treatment at the Colorado Institute for Mental Health at Pueblo, because the CDOC/SOTMP did not have PPG assessment facilities. (*Id.* ¶ 25.)

On May 5, 2012, Plaintiff notified the CDOC by letter of the Report and requested re-admission to the SOTMP. (*Id.* ¶ 26.) On May 31, 2012, the CDOC responded by letter, instructing Plaintiff to fill out the enclosed application "if [Plaintiff was] interested in being considered for re-entry to the SOTMP treatment program . . . ." (*Id.* ¶ 7.) Plaintiff followed these instructions and submitted the application to the CDOC on August 17, 2012. (*Id.* ¶ 28.) When Plaintiff did not receive a response to his request, he submitted a grievance regarding CDOC's refusal to re-admit him to the SOTMP. (*Id.* ¶ 29.) On January 22, 2013, the CDOC Grievance Office responded to Plaintiff's grievance and

denied Plaintiff's request for re-admittance into the SOTMP, stating that Plaintiff had failed to use the correct application. (*Id.* ¶ 31.)

On May 21, 2012, the Parole Board denied Plaintiff parole. (*Id.* ¶ 32.) It issued a "Notice of Colorado Parole Board Action" form that indicated that its reasons for denial were "Risk Related." (*Id.*) The two categories listed on the form under "Risk Related" were: (1) "Severity/Circumstances of offense," and (2) "Prior criminal history." (*Id.*)

On these facts, Plaintiff filed this action against Defendants on April 24, 2013. (Compl.) Plaintiff asserts five claims, all under 42 U.S.C. § 1983: (1) violation of his Eighth Amendment right to be free from cruel and unusual punishment, in that he was denied treatment for the serious medical condition of pedophilia, (2) a separate Eighth Amendment violation in that his ongoing imprisonment without treatment is punishment for his status of being a pedophiliac, (3) violation of the Bill of Attainder Clause, in that the Parole Board inflicted additional punishment beyond his minimum mandatory sentence without a judicial trial, (4) a separate Eighth Amendment violation in that the denial of parole punished him for his status of being a pedophiliac, and (5) violation of his Fourteenth Amendment right to procedural due process, in that the Parole Board failed to use the correct standard governing parole of inmates sentenced under SOLSA. (*Id.* pp. 12-18.) On June 19, 2013, Defendants moved to dismiss all of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). (ECF No. 17.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." In evaluating such a motion, a court must "assume the truth of the plaintiff's

well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

Plaintiff asserts five causes of action, two against Lampela and three against Shaffer.  Defendants' Motion argues that all five claims should be dismissed for failure to state a cause of action.  The Court will address Plaintiff's claims in turn.

### A.   8TH AMENDMENT CLAIM FOR FAILURE TO PROVIDE TREATMENT

Plaintiff brings an 8th Amendment claim against Lampela.  Plaintiff alleges that Lampela was deliberately indifferent to Plaintiff's condition of pedophilia, which Plaintiff claims is a serious psychological condition requiring treatment.  (Compl. ¶¶ 49-57.)

The Eighth Amendment protects against the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII.  The Eighth Amendment's prohibition against cruel and unusual punishments encompasses deliberate indifference by prison officials to a prisoner's serious medical needs.  *Howard v. Waide,* 534 F.3d 1227, 1235 (10th

Cir. 2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). Deliberate indifference to serious medical needs can be exhibited by prison medical staff in failing to properly treat a medical condition, or "by prison guards in intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05. Conduct that is either "an unnecessary and wanton infliction of pain" or "repugnant to the conscience of mankind" is "sufficiently harmful to evidence deliberate indifference." *Id.* at 105-06.

An Eighth Amendment claim for deliberate indifference involves "a two-pronged inquiry, comprised of an objective component and a subjective component." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). The objective prong examines whether a medical need is "'sufficiently serious' to be cognizable under the Cruel and Unusual Punishment Clause." *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective prong examines the state of mind of the defendant, asking whether "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

With regard to the objective prong, the mere fact that Plaintiff is a convicted sexual offender does not mean that he has a psychological disorder or that he is in need of psychiatric treatment. *See Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996); *Ramos v. Vaughn*, 1995 WL 386573, at *5 (E.D. Pa. June 27, 2005) ("[T]he Court is not aware of any legal authority for the proposition that the need for sex offender treatment is a serious medical need for Eighth Amendment purposes."). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)

(citing *Estelle*, 429 U.S. at 103–104).  A medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (citation omitted).

Here, although Plaintiff has been diagnosed as having the mental condition of pedophilia, treatment for his pedophilia has not been mandated.  (Compl. ¶¶ 24-25 (stating that the Report "recommends treatment at the Colorado Institute for Mental Health at Pueblo because the CDOC/SOTMP does not have phallometric (PPG) assessment facilities.").)  Further, Plaintiff does not allege that he is in a substantial amount of pain as a result of not having access to PPG assessment facilities.  *See Hashman v. Heil*, 16 F.3d 416, at *1 (10th Cir. 1994) ("[I]n order to find an Eighth Amendment violation, the deliberate indifference to a medical need must rise to the level of unnecessary and wanton infliction of pain[.]").  Nor does Plaintiff allege that his condition is so severe that even a lay person would easily recognize the necessary for treatment.  *See Ramos*, 639 F.2d at 575.  The Court, therefore, finds that Plaintiff has failed to present sufficient evidence establishing that his pedophilia is a serious medical need entitled to protection under the Eighth Amendment.

Since Plaintiff has failed to established a serious medical need, the Court does not need to analyze the subjective prong of the deliberate indifference test.  Accordingly, the Court finds that Plaintiff's Eighth Amendment Claim for deliberate indifference to a serious medical need fails to state a cause of action.

**B.     8TH AMENDMENT CLAIMS FOR PUNISHMENT FOR MENTAL STATUS**

Plaintiff brings separate Eighth Amendment claims against Lampela and Shaffer,

arguing that their actions punished him for his "status of having a mental condition or predisposition to commit sex offenses or for the status of being a pedofile [sic]." (Compl. ¶¶ 58-62, 71-76.)  He argues: (1) that SOLSA "is a bifurcated indeterminate sentencing scheme," (2) that he has already completed the "punishment" phase of his sentence, and (3) that his continued incarceration on the remaining indeterminate portion of his sentence is intended to serve as some form of non-punitive "rehabilitation."  (ECF No. 18 at 8, 13.)  Plaintiff argues that by being denied re-entry into the SOTMP by Lampela, he has been denied medical treatment during the "non-punishment" rehabilitation phase of his incarceration, and is therefore being punished for his mental status.  (*Id.* ¶ 61.)  Similarly, Plaintiff argues that the application of Shaffer's Parole Board Policy, which considered Plaintiff's original crime as a parole consideration, punished Plaintiff because of his mental status.  (ECF No. 18 at 12.)

Plaintiff's arguments hinge on a misunderstanding of the sentencing scheme applicable to his offense of conviction.  Plaintiff argues that *Vensor v. People*, 151 P. 3d 1274 (Colo. 2007), stands for the proposition that "[w]hereas the Parole Board may properly consider punishment in its release decision under Colorado's general felony scheme, the Parole Board release decisions under [SOLSA] must be made outside the context of punishment, once the minimum mandatory 'punishment' phase is satisfied and the offender is eligible for parole . . . ."  (ECF No. 18 at 13-14.)  *Vensor* states that the "declaration of purpose [of SOLSA] makes clear the legislature's intent to provide for treatment and extended supervision, rather than to punish sex offenders with terms of incarceration longer than those of other felons of the same class."  *Vensor*, 151 P. 3d at 1274, 1278 (Colo. 2007).  The Court agrees with the analysis of *Vensor* in a similar

case that "[t]his language does not establish the remarkable proposition urged by [Plaintiff] - that a SOLSA sentence is composed of a 'punishment' phase, that is completed upon the inmate serving the minimum term of the sentence, coupled with a non-punitive 'rehabilitation' phase, consisting of the remaining incarceration of the inmate solely for treatment purposes." *Davies v. Young*, 2013 WL 5450308, at *5 (D. Colo. 2013).

The eight years-to-life sentence imposed on Plaintiff was just that: a directive that he serve a minimum of at least eight years of incarceration, plus as much additional time in custody as the Parole Board determines is necessary before he is deemed fit to be released on parole. *See id.* As the Parole Board has yet to find that Plaintiff meets this requirement, he remains properly incarcerated pursuant to his sentence. Accordingly, the Court finds that Plaintiff's Eighth Amendment claims against Lampela and Shaffer for punishment based on Plaintiff's mental status fail to state causes of action.

### C.   BILL OF ATTAINDER CLAIM

Plaintiff brings a Bill of Attainder claim against Shaffer. Plaintiff alleges that the Parole Board's actions in denying him parole under the standards used at his last parole hearing violate the Bill of Attainder Clause. (Compl. ¶¶ 63-70.) Specifically, Plaintiff argues that denying parole because of "Severity/Circumstances of offense" and "Prior criminal history", instead of "Public Risk (Concerns for Public Safety")", "inflict[ed] punishment" on Plaintiff by increasing his punishment as to the original offense without a judicial trial. (*Id.* ¶¶ 66, 68.)

The Bill of Attainder Clause of the United States Constitution prohibits states

from passing "any Bill of Attainder." U.S. Const., Art. I, § 10, cl.1. A Bill of Attainder "legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977). To determine whether a statute constitutes a Bill of Attainder, the Court considers whether: (1) the challenged statute falls within the historical meaning of legislative punishment, (2) the statute, viewed in terms of the type and severity of the burdens imposed, reasonably can be said to further a nonpunitive legislative purpose, and (3) the legislative record indicates a congressional intent to punish. *Taylor v. Sebelius*, 189 Fed. Appx. 752, 758 (10th Cir. 2006) (citing *Selective Servs. Sys. v. Minn. Pub. Interest Research Grp.*, 468 U.S. 841, 852 (1984)).

The Parole Board is not a legislative body, but is instead a part of the Executive Branch of the Colorado state government. *See People v. Gallegos*, 975 P.2d 1135, 1138 (Colo. Ct. App. 1998) *aff'd*, 2 P.3d 716 (Colo. 2000). Therefore, the Parole Board's actions were not legislative, and the Bill of Attainder Clause is inapplicable.

Plaintiff argues that *Garner v. Jones*, 529 U.S. 244 (2000), supports his claim. (ECF No. 18 at 10.) In *Garner*, the Supreme Court found that a parole board's decision to adversely modify its own regulations governing the time period between an inmate's parole hearings constituted a violation of the *ex post facto* clause (the Bill of Attainder's textual neighbor in Art. I, § 10). 529 U.S. at 249. However, the challenged action in *Garner* was the parole board's modification of its own regulations, not the determination of an individual's suitability for parole. *See Davies*, 2013 WL 5450308, at *3. "Promulgation of regulations is akin to a legislative act, whereas an individualized determination of a particular individual's case is more akin to a judicial or executive

decision." *Id.* Thus, the Court does not find that *Garner* stands for the proposition that the Parole Board's determination was "legislative" in nature.

Moreover, a denial of parole is not an imposition of a new and separate punishment. "Release on parole is simply a continuation of the inmate serving out the terms of his judicially-imposed sentence, still under the supervision of the Department of Corrections, albeit with certain privileges granted to the inmate to facilitate his successful return to society." *Davies*, 2013 WL 5450308, at *3 (citing *Danielson v. Dennis*, 139 P.3d 688, 692-93 (Colo. 2006)); *see also People v. Norton*, 63 P.3d 339, 344 (Colo. 2003) (a period of parole "is nevertheless part of the punishment imposed on a criminal wrongdoer"). "Thus, a denial of parole release is nothing more than a requirement that the inmate continue to serve his sentence inside of prison, rather than outside it." *Davies*, 2013 WL 5450308, at *3. Therefore, the Court finds that Plaintiff has failed to allege that his parole denial is an unconstitutional Bill of Attainder.

**D.    PROCEDURAL DUE PROCESS CLAIM**

Finally, Plaintiff brings a Due Process claim against Shaffer, alleging that the Parole Board applied the "wrong standard/criteria" when denying his parole, instead using "the criteria applicable to general population inmates (not sentenced under [SOLSA]) which incorporates a punishment consideration." (Compl. ¶ 81.) Plaintiff argues that this "punishment consideration" should not be applied to inmates who were sentenced under SOLSA. (*Id.* ¶¶ 11, 41.) Plaintiff argues that by applying the wrong standard, the Parole Board failed to provide Plaintiff with a parole hearing. (*Id.* ¶ 80.)

The Due Process Clause states, "No state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV, § 1. To allege

a violation of procedural due process, a plaintiff must first establish a deprivation of an interest in life, liberty, or property. *See Elliot v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012).

Plaintiff appears to acknowledge case law holding that SOLSA does not confer sex offenders with a liberty interest in parole. (ECF No. 18 at 14.) *See also Beylik v. Estep,* 377 F. App'x 808, 812 (10th Cir. 2010) (decision to grant parole under SOLSA is "wholly discretionary . . . and thus does not create a liberty interest entitled to due process protection."); *Beebe v. Heil,* 333 F. Supp. 2d 1011, 1014 (D. Colo. 2004) (an inmate has no liberty interest in parole under Colorado's indeterminate sentencing scheme because the scheme vests full discretion to grant parole in the Parole Board).

Instead, Plaintiff attempts to side-step through these authorities by arguing that he has a constitutionally protected liberty interest in receiving a proper and fair parole hearing. (ECF No. 18 at 14.) Specifically, Plaintiff maintains that he has a liberty interest in receiving a parole hearing and that the use of punishment considerations to deny his parole was "tantamount to not providing a parole hearing at all." (Compl. ¶ 82.)

Parole release decisions for sex offender inmates are not considered any differently than release decisions for other inmates under Colorado law. *See Davies*, 2013 WL 5450308, at *6; (Compl. ¶ 16 ("The Parole Board Policy Manual . . . includes the punishment consideration . . . for unrestricted use to all types of inmates.").) Plaintiff wholly fails to distinguish *Davies* on this point. Accordingly, the Court finds that Plaintiff's procedural due process claim also fails to state a cause of action.

## IV. CONCLUSION

Accordingly, the Court ORDERS as follows:

1. The Defendants' Amended Motion to Dismiss (ECF NO. 17) is GRANTED, and all of Plaintiffs' claims are DISMISSED WITH PREJUDICE; and

2. The Clerk shall enter judgment and close the case. Each party shall bear his or her own attorney's fees and costs.

Dated this 24th day of February, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge